■ In the Matter of TRADESMEN WINES & LIQUORS, INC., et al., Appellants, v. STATE LIQUOR AUTHORITY, Respondent.— In two article 78 proceedings, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered March 29, 1974, which dismissed both applications. Judgment reversed, on the law and facts, with $20 costs and disbursements, and the relief sought in each application is granted. The first proceeding, brought by petitioner Tradesmen, is to annul a determination of the respondent State Liquor Authority, which denied its application for a retail liquor store license for premises rented from Centereach Associates, of which Murray Pergament (Pergament) is a partner. Pergament is an officer, director and stockholder

of Pergament Liquors, Inc., a corporation holding a retail liquor store license in Bethpage, New York. The rental payments to be made by Tradesmen to Centereach Associates are not based upon a percentage of sales by Tradesmen. Absent some clear showing to the contrary, the mere fact of a landlord-tenant relation does not suffice to establish that a licensee-landlord has a proscribed interest, pursuant to subdivision 16 of section 105 of the Alcoholic Beverage Control Law, in the liquor store which he or a business in which he has an interest is leasing as landlord. The record here does not support such a contrary showing and therefore a grant of a license to Tradesmen would not violate subdivision 16 of section 105. Since the landlord's interest here is not such as is forbidden by the statute (*Matter of Jonas* v. *New York State Liq. Auth.,* 29 A D 2d 529), there is no justification for the denial of petitioner Tradesmen's application and the determination as to it must be annulled. Once the license is granted to Tradesmen, Pergament Liquors may not have its license revoked as its owner is not a retail licensee with a proscribed interest in another retail liquor store. Respondent State Liquor Authority is therefore enjoined from taking any action against Pergament Liquors, Inc., predicated upon the granting of a retail liquor store license to Tradesmen. We have considered the case of *Matter of Dadakis* v. *State Liq. Auth.* (27 A D 2d 985) and find that it is distinguishable on its facts and not controlling. In *Dadakis,* the petitioner applied for a license. The money required to be invested in the premises was to come both from her and her husband. The landlord of those premises was her husband, and he was also the president of a corporation owning a liquor store. The husband by this arrangement would clearly have had direct financial interests in two liquor stores. The statute is aimed at this situation, not because the husband was a landlord, but rather because he had more than a landlord's interest in the liquor store for which his wife sought a license. Gulotta, P. J., Martuscello, Christ and Brennan, JJ., concur; Shapiro, J., not voting.